UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAVE HOTEL INVESTORS LLC d/b/a THE MAVE HOTEL,<br><br>        Plaintiff,<br><br>-and-<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COMM 2013-CCRE12 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, by and through its special servicer, LNR PARTNERS, LLC,<br><br>      -against-<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, and HDI GLOBAL SPECIALTY SE, individually and severally subscribed to Commercial Property Insurance Policy No. DCESP01372-02,<br><br>        Defendants. | 21-CV-8743 (JGLC)<br><br>**OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  Before the Court is the motion of Plaintiff-Intervenor U.S. Bank National Association, as Trustee for the Benefit of the Holders of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("Plaintiff-Intervenor" or "USBNA") to substitute U.S. Bank Trust Company, National Association (as Successor-In-Interest to U.S. Bank National Association), as Trustee, for the Benefit of the Holders of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("Proposed Plaintiff-Intervenor" or "USBTC") as the plaintiff-intervenor in this action. ECF No. 129. Also pending is the letter-motion from Plaintiff MAve Hotel Investors LLC d/b/a The MAve Hotel ("MAve") requesting that Plaintiff-Intervenor not participate in the trial set to commence before this Court on January

29, 2014. ECF No. 146. For the reasons set forth below, Plaintiff-Intervenor's motion is GRANTED and MAve's letter-motion is DENIED.

## BACKGROUND

The facts of this case have been previously described in Judge Cott's Report and Recommendation on Plaintiff-Intervenor's motion to intervene. ECF No. 68 ("R&R"). As such, the Court repeats only the relevant facts here. On October 26, 2021, Plaintiff filed this action seeking coverage under a commercial property insurance policy (the "Policy") for damage to a hotel it owns. ECF No. 8 ("Compl.") ¶ 1. The Policy was issued by Defendants Certain Underwriters at Lloyd's, London and HDI Global Specialty. *Id*. at ¶ 9. On April 12, 2022, Plaintiff-Intervenor moved to intervene, asserting that "it is both the assignee of the proceeds of the Policy and named through its master servicer . . . as the loss payee in the Policy." R&R at 2. Plaintiff and Defendants opposed the motion, and Judge Cott held oral argument on August 8, 2022.

On August 16, 2022, Judge Cott recommended granting USBNA's motion. *Id.* at 1. Judge Cott found that USBNA plainly had an interest in the subject of the action as it claimed to be an assignee of a mortgage or the loss payee under a loan that entitles it to payments of any losses under the Policy. *Id.* at 4–7. The Court rejected Plaintiff's and Defendants' argument that USBNA should not be permitted to intervene because it failed to demonstrate its entitlement to insurance proceeds under the Policy, explaining that such a determination would be made "during the course of the litigation, rather than on the motion to intervene itself." *Id.* 6–8. Plaintiff further argued that the Court should deny the intervention motion because Plaintiff was, at the time, challenging the validity of Plaintiff-Intervenor's status as the assignee of the mortgage in a parallel state court proceeding on a motion to dismiss. *Id.* at 7–8. The Court

disagreed, determining first that the cases on which Plaintiff relied were "primarily based on the *Younger* abstention doctrine, which is only relevant when the issue and proceeding implicate state interests," which is not the case here, and second, that the state court might not address the issue of Plaintiff-Intervenor's standing as the assignee on a motion to dismiss. *Id.* at 8. Finally, Judge Cott found that USBNA's interests in the litigation were not adequately represented and would be impaired if it were not permitted to intervene, as a judgement entered against Defendants would direct payment of monies to MAve and not to USBNA. *Id.* at 10–11. Neither Plaintiff nor Defendants objected to Judge Cott's R&R and on September 29, 2022, the Court adopted the R&R in its entirety. ECF No. 78.

On August 16, 2023, USBNA moved to substitute USBTC as the plaintiff-intervenor in this action. ECF No. 129. According to USBNA's application, it "assigned all of its right, title, and interest in the applicable loan documents to Proposed Plaintiff-Intervenor" and, as such, "Proposed Plaintiff-Intervenor is now the real party in interest." ECF No. 132 ("Mot.") at 1. Defendants do not object to USBNA's motion but reiterated that USBNA has not proven its entitlement to proceeds under the Policy. ECF No. 135 at 4. MAve objects to the substitution for primarily the same reasons as it opposed USBNA's motion to intervene, except that it also argues that the motion should be denied because USBTC may not have complied with New York State General Associations Law, which, if true, means it is not entitled to maintain legal actions within the state. ECF 136 ("Opp.") at 1.

Relatedly, on August 8, 2023, the Court ordered Plaintiff to file a letter explaining its position on whether Plaintiff-Intervenor should participate in the January 29, 2024 trial or whether the trial should proceed solely between Plaintiff and Defendants. Plaintiff filed its letter on September 8, 2023 and, relying on the same arguments set forth in its opposition to Plaintiff-

3

Intervenor's substitution motion, argues that USBNA should not participate in the trial. ECF No. 146. On September 22, 2023, USBNA filed a response asserting that it would be inconsistent for the Court to determine that its intervention in this action was appropriate while, at the same time, not allowing it to participate in trial. ECF No. 147.

## DISCUSSION

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. Pro. 25(c). "The decision whether to substitute a party as a successor-in-interest 'is generally within the sound discretion of the trial court.'" *Levin v. Raynor*, No. 03-CV-4697 (GBD) (THK), 2010 WL 2106037, at *2 (S.D.N.Y. May 25, 2010) (quoting *Organic Cow, LLC v. Ctr. for New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003)). "Courts will frequently grant motions for substitution where a party has fully transferred its interest to another person or entity." *Platt v. Michaan*, No. 19-CV-4234 (ER), 2022 WL 2072566, at *1 (S.D.N.Y. June 9, 2022) (citing *U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 451 F. Supp. 3d 294, 297–98 (S.D.N.Y. 2020) (collecting cases)). "The primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action." *Kumaran v. Nat'l Futures Ass'n*, LLC, No. 20-CV-3668 (GHW), 2022 WL 3996962, at *2 (S.D.N.Y. Aug. 31, 2022) (internal quotation marks omitted).

Here, USBNA represents that it has "executed written assignments of the Note, Mortgage, and all other related loan documents to Proposed Plaintiff-Intervenor" and that "counsel for Proposed Plaintiff-Intervenor has possession of the original loan documents, including the original Note and Mortgage." Mot. at 8. No party disputes that this assignment

occurred and, as such, Proposed Plaintiff-Intervenor is a successor-in-interest appropriate for substitution under Rule 25(c).

Substitution here is also in the interest of judicial efficiency. *See Bank of Am., N.A. v. RJ Dooley Realty, Inc.*, No. 09-CV-4981 (VB), 2011 WL 3251593, at *1 (S.D.N.Y. July 25, 2011) ("Plaintiff Bank of America, N.A. indicates it has sold and assigned its interest in the loan at issue in this case to Preferred Group of Manhattan, Inc. Because it will expedite and simplify the action, substitution is appropriate and is granted.") (cleaned up). The Court has already determined that USBNA has asserted a colorable interest in this action, and denying substitution to its successor would only delay resolution of the issues among the parties. Such substitution will not harm or prejudice the parties at this stage in the proceedings, given the Court's prior determination that USBNA was entitled to intervene.

Plaintiff's arguments against substitution are not persuasive. First, Plaintiff argues, similar to its unsuccessful arguments against intervention, that the Court should hold in abeyance the substitution motion because of a pending summary judgment motion in the foreclosure action. However, any decision by the state court on that motion is unlikely to impact this proceeding. USBNA moved for summary judgment arguing that there are no questions of fact that would establish that it does not have standing to foreclose. ECF No. 139 at 4. A denial of that motion would simply mean that questions of fact as to standing need to be resolved at trial; a grant of that motion would still require additional proceedings to determine the amount due under the loan. It would not impact what USBTC still must prove here, which is its entitlement to receive any proceeds from this litigation under the Policy.

Plaintiff again relies on inapposite cases based on the *Younger* abstention doctrine for support that this motion should be stayed pending the state court's decision on summary

5

judgement. Opp. at 7. As Judge Cott explained, *Younger* abstention "is only relevant when the issue and proceeding implicate state interests . . . [and] [t]hat is not the case here, where no party has alleged a state interest and a plain reading of the facts involved demonstrates that the case is a private proceeding among corporate parties." R&R at 8.

Additionally, Plaintiff's assertion that USBTC is not permitted to maintain an action in New York State, since it may not have complied with New York State General Associations Law § 18(2), is without merit. It is clearly established that national banks, such as USBTC, can maintain actions within New York State without obtaining prior authority to do business in the state. *See Wells Fargo Bank, N.A. v. Goans*, No. 269972009, 2014 WL 11279717, at *4 (N.Y. Sup. Ct. May 19, 2014) *rev'd on other grounds*, 136 A.D.3d 709, 24 N.Y.S.3d 386 (2d Dep't 2016) (citing *U.S. Bank Trust Nat'l Ass'n Tr. v. Butti*, 16 A.D.3d 408 (2nd Dep't 2005)); *FIA Card Servs., N.A. v. DiLorenzo*, 22 Misc. 3d 1127(A), 881 N.Y.S.2d 363, 2009 WL 483822 at *3 (District Ct. Nassau Co. 2009); *State National Bank of Connecticut v. Laura*, 45 Misc. 2d 430, 431, 256 N.Y.S.2d 1004, 1006 (Westchester Co. Ct. 1965).

Finally, the Court will permit USBTC to participate at trial. The Court already determined intervention was appropriate so that USBNA can protect its interests, which were not adequately represented by Plaintiff. R&R at 11–12 (adopted at ECF No. 78). In order to do so, USBTC must be permitted to participate in trial. Plaintiff's letter opposing USBTC's participation in trial restates the same arguments in Plaintiff's opposition to the motion to intervene. They are unavailing and unrelated to the efficient management of the upcoming trial. Accordingly, USBTC may participate with Plaintiff and Defendants in the January 29, 2024 trial.

## CONCLUSION

For the foregoing reasons, the motion for substitution by U.S. Bank National Association, as Trustee for the Benefit of the Holders of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates' is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 129. The letter-motion of Plaintiff MAve Hotel Investors LLC d/b/a The MAve Hotel is DENIED. U.S. Bank Trust Company, National Association (as Successor-In-Interest to U.S. Bank National Association), as Trustee, for the Benefit of the Holders of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates may participate in the trial scheduled to commence on January 29, 2024.

Dated: November 27, 2023
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge