UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAVE HOTEL INVESTORS LLC d/b/a THE MAVE HOTEL,

                Plaintiff,

-and-

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COMM 2013-CCRE12 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, by and through its special servicer, LNR PARTNERS, LLC,

-against-

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, and HDI GLOBAL SPECIALTY SE, individually and severally subscribed to Commercial Property Insurance Policy No. DCESP01372-02,

                Defendants.

21-CV-8743 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

       The Court received Plaintiff's letter regarding diversity jurisdiction. ECF No. 181. The letter proposes that the Court allow Plaintiff to amend its Complaint to remove non-diverse parties and bring suit against Plaintiff-Intervenor or, in the alternative, allow Plaintiff-Intervenor to amend its Intervenor Complaint and add Plaintiff as a defendant. The Court has concerns with each option. For the first option, Plaintiff fails to explain whether the Court has the authority to order Plaintiff to amend its Complaint when the parties admit that diversity jurisdiction is lacking and was lacking when this action was filed. Although it is clear that a federal court may allow a complaint to be amended to assert necessary facts where those facts existed all along, it is not clear whether the Court may direct the parties to amend their pleadings where, as here, the Court

lacked subject matter jurisdiction at the inception of the matter. *See Roche Cyrulnik Freedman LLP v. Cyrulnik*, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022) ("[W]hile a plaintiff can amend its pleadings to cure defective jurisdictional allegations, a plaintiff's amended pleadings cannot cure defective jurisdiction itself."). For the second option, Plaintiff has failed to submit any evidence demonstrating that diversity jurisdiction existed at the time Plaintiff-Intervenor filed its Intervenor Complaint.

As such, Plaintiff is ordered to submit a brief addressing the issues stated above by **February 9, 2024**. Specifically, the brief should explain whether the Court and/or the parties have the authority to cure defective diversity jurisdiction, per Plaintiff's proposals, when none currently exists. The brief should further provide support that diversity jurisdiction existed at the time Plaintiff-Intervenor filed its Intervenor Complaint. Finally, the brief must also describe the basis of the Court's subject matter jurisdiction following the execution of both proposals.

Any other party seeking to be heard on this issue may file a brief addressing these issues by **February 16, 2024**.

Dated:  January 30, 2024
           New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge