UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAVE HOTEL INVESTORS LLC d/b/a THE MAVE HOTEL,<br><br>                    Plaintiff,<br><br>      -and-<br><br>U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION (AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION), AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2013-CCRE12 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, by and through its special servicer, LNR PARTNERS, LLC,<br><br>             Plaintiff-Intervenor,<br><br>        -against-<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, and HDI GLOBAL SPECIALTY SE, individually and severally subscribed to Commercial Property Insurance Policy No. DCESP01372-02,<br><br>               Defendants. | 21-CV-8743 (JGLC)<br><br>**OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff MAve Hotel Investors LLC d/b/a The MAve Hotel ("MAve") commenced this action on October 26, 2021, asserting subject matter jurisdiction based on diversity of citizenship. Earlier this year, near the eve of trial, Plaintiff discovered that the parties are not completely diverse. Per the Court's instruction, see ECF No. 182, the parties submitted briefs addressing the Court's ability to cure defective diversity jurisdiction at this stage in the litigation. For the reasons explained below, the Court grants Plaintiff and Plaintiff-Intervenor leave to file Amended Complaints dismissing the non-diverse, dispensable parties from this action, thus preserving the Court's diversity jurisdiction.

## BACKGROUND

The Court assumes familiarity with the facts of this case and repeats only the relevant facts here. Plaintiff seeks coverage for damage to a hotel it owns pursuant a commercial property insurance policy (the "Policy") issued by Defendants Certain Underwriters at Lloyd's, London ("Underwriters") and HDI Global Specialty ("HDI") (collectively, "Defendants"). ECF No. 8 ¶ 1. The Policy contains a "Service of Suit Clause," which states that "in any suit instituted against any one of [the syndicates comprising Underwriters] upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal." ECF No. 130-6 at 81.

During a conference on August 8, 2023, the Court scheduled a trial in this matter to commence on January 29, 2024. *See* August 8, 2023 Minute Entry. On January 11, 2024, counsel for Plaintiff filed a letter alerting the Court that it may lack subject matter jurisdiction over this case as a review of MAve's organizational chart indicates complete diversity may be lacking. *See* ECF No. 168 at 2. Counsel indicated that the parties were investigating their respective citizenships. *Id.* at 1–2. Based on counsel's representations, the Court adjourned the trial *sine die*. ECF No. 178.

On January 22, 2024, Plaintiff's counsel filed a letter with the Court confirming that Plaintiff and certain Defendants are not fully diverse. ECF No. 181 at 1. The letter explains that MAve is "owned by 2 New York corporations whose principal place of business is in New York, a citizen of New York, a citizen of Texas, Mexican citizens, a Venezuelan citizen, and an Australian citizen," and that Underwriters is made up of a group of syndicates, some of which "have members who are citizens only of England and Wales," and others of which have members "who are U.S. citizens who are not diverse with MAve and numerous members whose citizenship has not yet been determined" (collectively, the "Non-Diverse Syndicates"). *Id.* The

letter then offers two potential solutions to cure the jurisdictional deficiencies. Under the first proposal, Plaintiff would amend its Complaint to drop the Non-Diverse Syndicates from Defendant Underwriters and add a claim seeking a declaratory judgement against U.S. Bank Trust Company, National Association (as Successor-In-Interest to U.S. Bank National Association), as Trustee, for the Benefit of the Holders of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("USBTC"). *Id*. at 2. As a result, the Complaint would have citizens of different states and foreign citizens on both sides of the dispute. Under the second proposal, USBTC would amend its Complaint in Intervention (ECF No. 82) to be the sole plaintiff in the case, remove the Non-Diverse Syndicates from Underwriters, and name MAve as a defendant. ECF No. 183 at 12–13. MAve would then file a cross-claim against the other Defendants. In that scenario, there would be citizens of different states on both sides of the dispute and foreign entities on the defendant side of the Complaint in Intervention. ECF No. 181 at 2.

On January 30, 2024, the Court ordered Plaintiff, and any other party seeking to be heard, to submit a brief addressing whether the Court has the authority to cure the defective diversity jurisdiction in this case per Plaintiff's proposals. ECF No. 182 at 2. MAve, USBTC, and Defendants filed briefs. *See* ECF No. 183–85. All parties agree that the Court has the authority to cure subject matter jurisdiction and that Plaintiff's proposals would preserve jurisdiction in this case. USBTC requested that the Court "proceed with both proposals." ECF No. 185 at 1. None of the parties objected.

## LEGAL STANDARD

The Second Circuit has made clear that "[e]ven if complete diversity – and thus jurisdiction – is lacking at a case's inception, rather than dismiss the case as a nullity, the court may drop any dispensable parties that are obnoxious to its jurisdiction." *Fund Liquidation*

*Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 390 (2d Cir. 2021); *see also E.R. Squibb & Sons, Inc. v. Lloyd's & Companies*, 241 F.3d 154, 163 (2d Cir. 2001) ("[O]nce subject matter jurisdiction is 'cured' by an amendment, courts regularly have treated the defect as having been eliminated from the outset of the action."); *LeBlanc v. Cleveland*, 248 F.3d 95, 99 (2d Cir. 2001) ("Once a party has been dropped under Rule 21, we read the complaint as if he had never been included.").

"Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse party at any time to preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under Rule 19(b)." *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) (internal citations omitted). Courts in the Second Circuit consider four factors in determining whether a party is indispensable under Rule 19(b):

> (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit.

*Id.* "The Circuit has further held that the district court should take a flexible approach under Rule 19(b) when deciding whether parties are indispensable . . . ." *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, 525 F. Supp. 3d 482, 497 (S.D.N.Y. 2021) (quoting *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002)) (cleaned up).

## DISCUSSION

The Court finds that the Non-Diverse Syndicates are not indispensable parties and thus may be dropped from this action under Rule 19(b) to preserve jurisdiction. As such, the Court authorizes MAve and USBTC to proceed with both proposals.

First, the parties agree that there would be little or no prejudice to any party if the action continues without the Non-Diverse Syndicates. *See* ECF No. 183 at 6–7; ECF No. 184 at 2; ECF

No. 185 at 3. Pursuant to the Policy's Service of Suit Clause, each syndicate is required to abide by a final decision by this Court against any of the syndicates. ECF No. 130-6 at 81. Accordingly, Defendants and the Non-Diverse Syndicates will not be prejudiced if the Non-Diverse Syndicates are dropped from this action. *See E.R. Squibb & Sons*, 241 F.3d at 162 (determining that "no prejudice results if we allow the suit" against an underwriter of a Lloyd's policy "to be recast" against a different Lloyd's underwriter because "[a]s a matter of contract, each of the underwriters of the policy will be bound by an individual judgment against" the underwriter against whom the suit is recast). As a result, as to the second factor, there is little to no prejudice to mitigate.

The third factor, whether a judgment in the absence of the Non-Diverse Syndicates would be adequate, "concerns the social interest in the efficient administration of justice and the avoidance of multiple litigation." *CP Sols. PTE, Ltd.*, 553 F.3d at 160 (quoting *Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008) (internal quotation marks omitted)). Here, it is clearly more efficient to allow the parties to finish litigating this case in federal court rather than "send the parties to state court for a do-over." *Id.* This case has been active for over two and a half years, during which the parties completed discovery, the Court decided summary judgment, and the parties filed motions *in limine* in preparation for an impending trial. Accordingly, "[i]t would make little sense to require [the parties] to start over in state court . . . ." *CP Sols. PTE, Ltd.*, 553 F.3d at 160.

Regarding the fourth factor, although MAve would have an adequate remedy if this Court dismissed the suit because it could proceed against the Defendants in state court, "that consideration is far outweighed by the . . . harm to judicial economy resulting from dismissal." *Id.* at 161. Weighing the four Rule 19(b) factors, the Court finds that the Non-Diverse Syndicates are not indispensable parties and therefore may be dismissed from this action.

Accordingly, and because all parties consent to MAve's proposed jurisdictional remedies, MAve is granted leave to amend its Complaint in accordance with the first proposal and USBTC is granted leave to amend its Complaint in Intervention in accordance with the second proposal. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

The Court's jurisdiction is preserved under both proposals. Regarding the first proposal, in which Plaintiff amends its Complaint to drop the Non-Diverse Syndicates from Defendant Underwriters and add a claim seeking a declaratory judgement against USBTC, in the absence of the Non-Diverse Syndicates, the parties are completely diverse. *See Bank of New York v. Bank of Am.*, 861 F. Supp. 225, 228 (S.D.N.Y. 1994) (collecting cases) ("[W]here there are citizens and aliens on both sides of a case, jurisdiction exists under § 1332(a)(3) so long as there is complete diversity among the citizen parties and the citizen parties are legitimately involved in the underlying controversy and not present merely to establish federal jurisdiction."); *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003) ("We have held in previous cases that the presence of foreigners on both sides of a diversity case does not destroy diversity."); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 497–98 (3d Cir. 1997) (collecting cases) ("Our holding is consistent with the circuits that have squarely addressed this issue and have uniformally [sic] concluded that jurisdiction exists when diverse citizens are joined with aliens even if they appear on both sides of the dispute.").

Under the second proposal, in which USBTC amends its Complaint in Intervention to remove the Non-Diverse Syndicates from Defendant Underwriters and name MAve as a defendant, the parties are completely diverse because USBTC is citizen of a different state, both domestic and foreign, from each party on the Defendants' side of the dispute. *See* 28 U.S.C. § 1332(a)(3).

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff MAve Hotel Investors LLC d/b/a The MAve Hotel leave to amend the Complaint, dropping the Non-Diverse Syndicates comprising Defendant Certain Underwriters at Lloyd's, London and adding a claim seeking a declaratory judgement against U.S. Bank Trust Company, National Association (as Successor-In-Interest to U.S. Bank National Association), as Trustee, for the Benefit of the Holders of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates. The Court also GRANTS Plaintiff-Intervenor leave to amend its Complaint in Intervention to drop the Non-Diverse Syndicates and add MAve as a defendant. Plaintiff's Amended Complaint and Plaintiff-Intervenor's Amended Complaint in Intervention are due by **June 14, 2024.**

The parties are ORDERED to submit a joint letter to the Court, by no later than **June 14, 2024,** providing a list of available dates for trial in August and September of 2024.

Dated: June 3, 2024
      New York, New York

                                      SO ORDERED.

                                        *Jessica Clarke*

                                      JESSICA G. L. CLARKE
                                      United States District Judge