UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAVE HOTEL INVESTORS LLC, d/b/a THE MAVE HOTEL,

                Plaintiff,

-against-

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, and HDI GLOBAL SPECIALTY SE, individually and severally subscribed to Commercial Property Insurance Policy No.DCESP01372-02,

                Defendants.

21-CV-8743 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

U.S. Forensic Associates, LLC ("USFA"), a non-party in this case, objects to the August 3, 2022 Order of Magistrate Judge James L. Cott. Judge Cott ruled against USFA in a dispute regarding Plaintiff's refusal to pay the expert witness fees for a corporate deposition of USFA. Although this case has since resolved, USFA filed and maintains its objection to Judge Cott's decision. *See* ECF No 71. For the reasons stated below, the Court sets aside Judge Cott's decision and orders Plaintiff to compensate USFA at a rate of $395 per hour for USFA's time spent preparing and providing testimony in this matter.

## BACKGROUND

USFA is a third-party forensic engineering company that was hired to inspect Plaintiff's hotel in connection with the insurance claim at issue in this matter. ECF No. 60 at 1. On February 18, 2022, Plaintiff issued a subpoena *duces tecum* and *ad testificandum* to USFA. ECF No. 52-3. The subpoena's subjects of examination included, *inter alia*, "[a]ny investigation of the Claim" and "[a]ny inspection of the Property." *Id.* at 10. On March 2, 2022, Defendants emailed Plaintiff stating that Defendants "intend to designate Dennis Morrissey, P.E. [from USFA] in

their forthcoming expert disclosures as a non-retained expert under Federal Rule 26(a)(2)(C) given that he served as [Defendants'] retained engineer during the investigation of the claimed loss." ECF No. 60 at 4. On July 15, 2022, USFA and Plaintiff exchanged emails disagreeing on the witness fee for USFA's deposition, in which Mr. Morrisey would serve as the corporate representative. ECF No. 52-4. On July 18, 2022, Plaintiff filed a letter regarding a discovery dispute between Plaintiff and USFA, arguing that Mr. Morrissey should be paid the standard witness fee and not an expert witness fee. ECF No. 52. USFA, in opposition, argued that Mr. Morrisey should be paid a rate of $395 per hour. ECF No. 60 at 5. The following day, Defendants filed a letter on the issue arguing in favor of USFA's position. ECF No. 61. On August 3, 2022, Judge Cott heard oral argument on the issue. ECF No. 66. Following oral argument, Judge Cott ordered that USFA's witness would be paid under the fact witness rate. *Id.*

    USFA objected to Judge Cott's order on August 16, 2022. ECF No. 71. The same day, Defendants filed an expert disclosure naming Mr. Morrissey as an expert witness pursuant to Rule 26(a)(2)(C). ECF No. 93-2. Mr. Morrissey was deposed by Plaintiff on August 22, 2022. ECF No. 93-3. Plaintiff filed a response to USFA's objections on August 30, 2022. ECF No. 73. On August 8, 2023, following a status conference, USFA was ordered to file a letter with a statement explaining whether it was withdrawing its objections to Magistrate Judge Cott's August 3, 2022 Order. USFA filed a letter on August 10, 2023 stating that it was not withdrawing its objections. ECF No. 127. USFA reiterated its request that the Court rule on its objections on November 13, 2024. ECF No. 228.  On November 27, 2024, the claims asserted in the above-captioned action were settled in principle and the case was closed. ECF No. 254. The same day, USFA emailed the Court stating that its objection to the Magistrate Judge's ruling was not part of

any settlement and remained pending. The Court now addresses USFA's objections to Judge Cott's ruling on the discovery motion.

## LEGAL STANDARD

"A magistrate judge's ruling on a nondispositive matter, including a discovery dispute, may be set aside only if the district court determines the ruling to be 'clearly erroneous or contrary to law.'" *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511–12 (S.D.N.Y. 2013) (citing 28 U.S.C. § 636(b)(1)(A)). "Even where parties file timely objections, district courts only set aside parts of the order that are clearly erroneous or contrary to law." *Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n*, 2 F. Supp. 3d 499, 502 (S.D.N.Y. 2014). "A magistrate's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thailand) Co.*, 924 F. Supp. 2d at 512 (internal citations and quotations omitted).

## DISCUSSION

The Court has reviewed non-party USFA's specific objections to Judge Cott's discovery ruling regarding Mr. Morrissey's designation as a fact witness and concludes that the ruling is contrary to law. As recognized by Judge Cott, "[w]here a person's profession necessarily involves scientific, technical, or specialized knowledge . . . the line between 'expert' and 'lay' opinion may be difficult to draw . . . ." *U.S. Bank Nat. Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 137 (S.D.N.Y. 2015) (internal citation omitted). However, an "engineer who was specifically engaged by [a party] to examine the [subject property] in connection with the [] claim . . . is clearly an 'expert' in that he brought his technical background to bear in observing

the condition of [the subject property] and offering his opinion" to the party that hired him. *Chiquita Int'l Ltd. v. M/V Bolero Reefer*, No. 93-CV-0167 (LAP), 1994 WL 177785, at *1 (S.D.N.Y. May 6, 1994); *see also Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*, No. 15-CV-6586 (PAC), 2015 WL 6741852, at *2 (S.D.N.Y. Nov. 4, 2015) (holding that a surveyor hired to inspect alleged damage to a marine vessel is an expert).

Though Plaintiff contends that it "is seeking a witness's testimony about his personal participation in the transactions at issue," ECF No. 73 at 8, Mr. Morrissey had "no personal knowledge of the events which [gave] rise to the dispute between the parties and any information he might have was provided to him as an expert, whose opinion [was] sought on the issues in dispute." *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, No. 3:17-CV-00973 (KAD), 2019 WL 7370373, at *1 (D. Conn. Apr. 8, 2019); *see* ECF No. 60 at 3. Indeed, Mr. Morrissey "brought his technical expertise to bear in examining [the damage] . . . [and] does not forfeit his expert status merely because he learned facts, in addition to forming an expert opinion, through his personal observations." *Agron v. Trustees of Columbia Univ. in City of New York*, 176 F.R.D. 445, 448 (S.D.N.Y. 1997). Therefore, any deposition of Mr. Morrissey regarding his evaluation is expert testimony.

"Expert witnesses designated under Rule 26 are entitled to a reasonable fee for time spent in responding to discovery paid by the party seeking the discovery, unless manifest [] injustice would result." *Patterson v. Avis Rent A Car Sys., Inc.*, 48 F. Supp. 3d 532, 533 (S.D.N.Y.), *on reconsideration*, 48 F. Supp. 3d 534 (S.D.N.Y. 2014) (citing Fed. R. Civ. P. 26(b)(4)(E)) (cleaned up). Plaintiff does not suggest, and the Court does not find, any risk of manifest injustice. As such, Mr. Morrissey is entitled to expert witness fees.

"In determining the reasonableness of an expert witness's fees, courts consider the following factors: (1) the witness's field of expertise; (2) the education and training required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26." *Ey v. Sam's E., Inc.*, No. 17-CV-551 (PED), 2020 WL 2415560, at *2 (S.D.N.Y. May 12, 2020). "If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee." *Id.* (quoting *New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 468 (W.D.N.Y. 2002)).

Here, USFA has supplied a copy of Mr. Morrissey's *curriculum vitae*, which amply demonstrates his qualifications as a professional engineer. ECF No. 71-1. Although USFA did not provide support for Mr. Morrissey's rate, $395 per hour is within the range of a reasonable hourly rates for professional engineers. *See Bak v. Metro-N. R.R. Co.,* No. 12-CV-3220 (TPG), 2017 WL 496084, at *2 (S.D.N.Y. Feb. 7, 2017) (approving rates of $360 to $375 for engineers seven years ago). Accordingly, Plaintiff shall pay USFA's fee of $395 per hour for the time Mr. Morrissey spent preparing for and attending the deposition.

## CONCLUSION

For the foregoing reasons, USFA's discovery objections to Judge Cott's August 3, 2022 is sustained and Judge Cott's order, ECF No. 65, is set aside. USFA is ordered to compensate USFA at a rate of $395 per hour for all time spent preparing for and providing testimony in this matter.

Dated: December 17, 2024
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge